UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 1 6 2013
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| SMITH PROPERTY HOLDINGS ONE, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-518 |
| ) | |
| ALLA BARAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Alla Baran has removed this action pursuant to 28 U.S.C. §§ 1441 and 1443 from the Superior Court of the District of Columbia. She asks this Court to "grant the removal, exercise supplemental jurisdiction over [the civil suits pending in the Superior Court] and in the alternative or as needed, issue a temporary injunction or any and all such other relief which is properly due and owning" to defendant. Notice of Removal at 8.

"[A]ny civil action brought in a State court of which the district court[] of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The underlying civil actions pending in the Superior Court arise from a dispute between defendant and her landlord. Matters before Landlord and Tenant Branch of the Superior Court's Civil Division are not matters over which this federal district court has original jurisdiction. Furthermore, this Court not only lacks the authority to overturn a decision of a Superior Court judge, but also refrains from interfering with ongoing Superior Court proceedings. See *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when

2

federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.").

The Court will grant defendant's application to proceed *in forma pauperis* and will remand this action to the Superior Court. An Order is issued separately.

DATE: 4-9-13

_____
United States District Judge
J. Boasberg